1
2
3
4
5
6
7
8

O

9          UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11
12
13   MARTHA BARRAGAN,                    )   Case No. CV 12-6258-OP
                                         )
14                     Plaintiff,        )
               v.                        )
15                                       )   MEMORANDUM OPINION AND
     CAROLYN W. COLVIN,[1]               )   ORDER
16   Acting Commissioner of Social       )
     Security,                           )
17                                       )
                       Defendant.        )
18   _____ )

19          The Court[2] now rules as follows with respect to the disputed issues listed in

20   the Joint Stipulation ("JS").[3]

21

22          [1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is

23   hereby substituted as the Defendant herein.  See Fed. R. Civ. P. 25(d)(1).

24          [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the

25   United States Magistrate Judge in the current action.  (ECF Nos. 7, 9.)

26          [3] As the Court stated in its Case Management Order, the decision in this

27   case is made on the basis of the pleadings, the Administrative Record, and the JS

28   filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil

                                    (continued...)

                                         1

# I.

## DISPUTED ISSUES

As reflected in the JS, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)     Whether the Administrative Law Judge ("ALJ") erred in determining Plaintiff's credibility;

(2)     Whether the ALJ properly considered the combined effects of Plaintiff's impairments when determining her residual functional capacity ("RFC"); and

(3)     Whether the ALJ erred in relying on the vocational expert's ("VE") testimony.

(JS at 5.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986). Where evidence is susceptible of more

[3](...continued)
Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

2

than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

### III.

### DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of a back disorder. (Administrative Record ("AR") at 32.)  The ALJ also found that Plaintiff has the RFC to perform a full range of medium work with "no postural, manipulative, visual, communicative or environmental limitations."  (Id. at 33.)

The ALJ concluded that, because Plaintiff has the RFC for the full range of medium work and her past relevant work was performed at the sedentary exertional level, it follows that she was capable of performing her past relevant work as an Order Clerk.  (Id. at 35.)

**B.     The ALJ Properly Evaluated Plaintiff's Credibility.**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting her subjective complaints.  (JS at 5-12, 20-21.)  Plaintiff testified at the administrative hearing that she experienced "like a fire in my back real bad." (AR at 57.)  She also said that, due to poor circulation, her leg is "always numb, tingly, and [her legs] give [her] a real hard time to walk."  (Id.)  She said she cannot sit for a long period of time otherwise she gets "strong pain" in her back, legs, and feet.  (Id. at 57-58.)  However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her subjective symptoms not credible for the following reasons:  (1) she testified that she underwent back surgery but there was no evidence of it in the record; (2) there was a large gap, from after 2005 until 2009, in treatment; (3) her complaints of disabling limitations were not supported by the objective evidence of record; (4) her daily activities conflicted with her complaints; and (5) she applied for a job during the period she claimed she could not work at all.  (Id. at 33-34.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints.

Plaintiff testified that she had a failed back surgery in January 2005.  (AR at 49-50.)  Although her attorney claimed to have records of this surgery, nothing was produced at the hearing or any other stage of the proceedings.  (Id. at 46, 49.)  In fact, as pointed out by the ALJ, records showed that "[no] surgical intervention was warranted . . . ."  (Id. at 33, 207, 211.)  Rather Plaintiff was recommended a lumbar puncture, but she declined the procedure.  (Id. 207, 211.)  The ALJ could properly rely on this blatant contradiction between the claimant's testimony and evidence in the record in assessing her credibility.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical

1    evidence in the record).

2          The ALJ also noted that there was a "rather large gap" in the medical record

3    after 2005 until 2009 in treatment or emergency care.  (AR at 34.)  Plaintiff points

4    to nothing in the record to refute this finding, but rather claims that the lack of

5    treatment records was due to her lapse in medical insurance and inability to afford

6    treatment.  (JS at 7-8.)  While the Court agrees that it is improper to fault a

7    claimant for not being able to afford medical care, that was not the basis of the

8    ALJ's decision here.  See Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995)

9    ("[A] disabled claimant cannot be denied benefits for failing to obtain medical

10   treatment that would ameliorate his condition if he cannot afford that treatment.").

11   Rather, Plaintiff conceded that she can get her medicine for free at UCLA's Olive

12   View Medical Walk-In Clinic when she has bad pain, and otherwise she can take

13   Advil for lower level pain which "helps me a little bit."  (AR at 56-57; see also id.

14   at 259, 262.)  Despite admitting to being able to get medication, there was a long

15   gap in her treatment.  This unexplained gap in medical treatment is a valid reason

16   for rejecting Plaintiff's credibility.  See Orn v. Astrue, 495 F.3d 625, 636, 638 (9th

17   Cir. 2007) (unexplained failure to seek medical treatment may be relied upon in

18   finding Plaintiff's complaints unjustified or exaggerated); see also Parra v. Astrue,

19   481 F.3d 742, 751 (9th Cir. 2007) (ALJ may discount Plaintiff's credibility based

20   on conservative treatment).

21         The ALJ discussed how Plaintiff's subjective complaints conflicted with Dr.

22   Sultan's December 2008 consultative examination.  (AR at 34.)  For example, Dr.

23   Sultan observed Plaintiff walk "without difficulty," and stated that she was able to

24   get in and out of a chair, and on and off the examination table without difficulty.

25   (Id. at 229, 232.)  As pointed out by the ALJ, she could perform tandem walking

26   and heel-toe walking, which contrasted with her allegations of an unsteady gait and

27   weakness.  (Id. at 34; compare id. at 181 with id. at 232.)  Further, Dr. Sultan found

28   no evidence of lower extremity deficit.  (Id. at 231-33.)  Finally, the ALJ noted that

1  Plaintiff showed a grip force of up to 60 pounds, which conflicted with her report

2  of being unable to lift greater than 10 pounds.  (Id. at 34; compare id. at 182 with

3  id. at 229.)  These inconsistencies support the credibility finding.  Morgan, 169

4  F.3d at 600.

5        The ALJ discussed Plaintiff's daily activities and found that they conflicted

6  with her subjective complaints.  (AR at 34.)  At the hearing, Plaintiff testified she

7  has taken care of her four-year-old niece since shortly after the child was born.  (Id.

8  at 63-64.)  When her niece was young, Plaintiff was able to feed her, change

9  diapers, and watch her for about six hours a day.  (Id. at 60, 64-65.)  At the time of

10  the hearing, she was taking her niece to and from school daily.  (Id. at 60.) She also

11  indicated in a work activity report that she continues to prepare meals for her niece,

12  and shower and change her.  (Id. at 155, 159.)  Plaintiff testified that she takes care

13  of own her personal matters, such as washing clothes and going to the store to buy

14  her personal things, such as clothing.  (Id. at 59.)  Further, Plaintiff can drive,

15  which the ALJ found suggested significant improvement in motor functioning

16  since Plaintiff underwent rehabilitative therapy in 2005.  (Id. at 34, 60, 63.)  The

17  ALJ could rely on these daily activities, which are inconsistent with a total

18  disability.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002)

19  (ALJ may properly consider inconsistencies between claimant's testimony and

20  claimant's daily activities, including the ability to cook, do laundry, wash dishes,

21  and shop); Morgan, 169 F.3d at 599-600 (ALJ may properly rely on contradictions

22  between claimant's reported limitations and claimant's daily activities, including

23  occasionally taking care of a friend's child); Orteza v. Shalala, 50 F.3d 748, 750

24  (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, including

25  ability to drive); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may

26  properly rely on daily activities inconsistent with claim of disabling pain, including

27  claimant's ability to take care of personal needs, shop, and drive); Soc. Sec. Ruling

28  96-7p.

1   Finally, Plaintiff testified at the hearing that she "applied for a job, but it
2   didn't work," during the period she claimed she was unable to work.  (AR at 69.)
3   Plaintiff said the job was in customer service, similar to her previous employment.
4   (Id. at 69-70.)  She also admitted at the hearing that she could do the same job she
5   used to do.  (Id. at 71.)  The ALJ could properly rely on this as a basis for the
6   credibility finding.  See Lenhart v. Astrue, 252 F. App'x 787, 789 (9th Cir. 2007)
7   (not unreasonable for ALJ to find claimant exaggerated symptoms based on fact
8   that he applied for a job, among other factors); Copeland v. Bowen, 861 F.2d 536,
9   542 (9th Cir. 1988) (credibility finding properly supported, in part, where claimant
10  held himself out as available for work); Elizarraz v. Astrue, No. CV09-05616
11  AJW, 2010 WL 4794731, at *7 (C.D. Cal. Nov. 16, 2010) ("[T]he [ALJ] . . . was
12  permitted to consider the inconsistency between plaintiff's conduct in attempting to
13  find work and her allegations of disabling subjective symptoms.").

14  Based on the foregoing, the Court finds the ALJ's credibility finding was
15  supported by substantial evidence and was sufficiently specific to permit the Court
16  to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
17  testimony.  Thus, there was no error.

18  **C.    The ALJ Properly Considered the Combined Effect of Plaintiff's**
19  **Impairments.**

20  Plaintiff contends that the ALJ did not consider the "combined effects" of all
21  of her impairments when determining her RFC.  (JS at 22-25, 27.)

22  In conducting an RFC assessment, the ALJ must consider the combined
23  effects of a claimant's medically determinable impairments on his or her ability to
24  perform sustainable work.  42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d
25  540, 545 (9th Cir. 1996).  The ALJ must consider all of the relevant evidence as
26  well as the combined effects of all of the claimant's impairments, even those that
27  are not "severe."  20 C.F.R. §§ 404.1545(a), 416.945(a); Celaya v. Halter, 332 F.3d
28  1177, 1182 (9th Cir. 2003).  "[A]n RFC that fails to take into account a claimant's

7

limitations is defective." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ, however, need not consider properly rejected evidence or subjective complaints. See Batson v. Comm'r of Soc. Sec. Admin., 359 F. 3d 1190, 1197 (9th Cir. 2004) ("ALJ was not required to incorporate evidence from the opinions of [claimant's] treating physicians, which were permissibly discounted"); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (upholding ALJ's RFC determination because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints").

Plaintiff first contends that the ALJ failed to address "recent" medical treatment for low back pain with muscle spasms in fashioning the RFC, citing a February 23, 2009, Olive View Medical Walk-In Clinic "back pain complaint and orders form." (JS at 23 (citing AR at 264).) However, the ALJ did cite to this evidence and mentioned that Plaintiff was "seen . . . at Olive View in February 2009," noting that this ended the large gap in her medical record. (AR at 34 (citing id. at 264-65).) That the ALJ did not further elaborate on his rationale regarding this single document does not mean he failed to consider it, or the combined effect of it with Plaintiff's impairments. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ does not need to "'discuss every piece of evidence'" in considering the combined effect of all the claimant's impairments and in developing the record) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) and citing Vincent v. Heckler, 739 F.2d 1393, 1394-1395 (9th Cir. 1984)).

Plaintiff also contends that the ALJ should have considered all of her severe impairments, "including chronic pain in her back with numbness and weakness in her lower extremities causing imbalanced gait." (JS at 23.) However, the ALJ specifically considered Plaintiff's back pain by finding a severe impairment of a back disorder. (AR at 32.) Plaintiff has pointed to no other records that the ALJ supposedly failed to consider regarding her back pain. Further, the ALJ

specifically considered Plaintiff's claim regarding her problems with her lower extremities, and found that her subjective complaints conflicted with the objective evidence of Dr. Sultan's finding of a lack of lower extremity deficit. (<u>Id.</u> at 24, 231-33.)

Finally, Plaintiff contends that the ALJ failed to consider her cognitive impairments. (JS at 23-24.) Petitioner points to a March 1, 2005, Occupational Therapy Department "Driver Preparation Program" evaluation which indicated that Plaintiff had impaired comprehension skills. (<u>Id.</u> at 24 (citing AR at 339-40).) As Plaintiff seems to acknowledge (<u>id.</u>), the comments section of that document explains that her impairments were due to "difficulty [with] reading [E]nglish. When questioned, she stated she was unable to read [S]panish any better. As might be expected, the client had problems with written testing. This may be due to [limited] education - 6 yrs in Mexico, 5 yrs in USA" (AR at 340). In assessing the RFC, the ALJ specifically considered Plaintiff's language and educational limitations and cited to the March 1, 2005, driver evaluation. (<u>Id.</u> at 32-33.) However, the ALJ discounted the extent of the limitation of these impairments on Plaintiff's RFC because Plaintiff is a naturalized United States citizen who had been in the country for twenty years, spoke English at the hearing, testified that she studied English, and other medical sources also observed that she spoke English. (<u>Id.</u> at 33, 205, 260, 333.) Thus, the ALJ specifically considered Plaintiff's purported impaired comprehension in fashioning the RFC, but found it conflicted with other evidence in the record and the ALJ's own observations such that a more restrictive RFC was not warranted.

Thus, contrary to Plaintiff's assertion, the ALJ specifically considered Plaintiff's purported impairments in fashioning the RFC. <u>See</u> <u>Batson</u>, 359 F. 3d at 1197; <u>Bayliss</u>, 427 F.3d at 1217. Accordingly, Plaintiff's contention that the ALJ did not consider the "combined effect" of all of her purported impairments is without merit. <u>See</u> <u>Lombardo v. Schweiker</u>, 749 F.2d 565, 567 (9th Cir. 1984)

1    (when an ALJ summarizes and discusses the various medical reports, that suggests
2    the ALJ did consider the combined effect of a claimant's impairments).

3    **D.    <u>The ALJ Properly Relied on the VE's Testimony.</u>**

4        Plaintiff contends the VE's testimony was not based on a hypothetical that
5    encompassed Plaintiff's cognitive impairments. (JS at 28-29.) Plaintiff therefore
6    contends it was improper for the ALJ to rely on the VE's testimony. (<u>Id.</u> at 29, 31-
7    32.)

8        "In order for the testimony of a VE to be considered reliable, the
9    hypothetical posed must include 'all of the claimant's functional limitations, both
10   physical and mental' supported by the record." <u>Thomas</u>, 278 F.3d at 956.
11   Hypothetical questions posed to a VE need not include all alleged limitations, but
12   rather only those limitations which the ALJ finds to exist. <u>See, e.g.</u>, <u>Magallanes v.</u>
13   <u>Bowen</u>, 881 F.2d 747, 756-57 (9th Cir. 1989); <u>Copeland</u>, 861 F.2d at 540-41;
14   <u>Martinez v. Heckler</u>, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ
15   must propose a hypothetical that is based on medical assumptions, supported by
16   substantial evidence in the record, that reflects the claimant's limitations.
17   <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing <u>Roberts v.</u>
18   <u>Shalala</u>, 66 F.3d 179, 184 (9th Cir. 1995)); <u>see also</u> <u>Andrews v. Shalala</u>, 53 F.3d
19   1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence
20   which is disputed, the assumptions in the hypothetical must be supported by the
21   record).

22       Here, as stated above (<u>see</u> Discussion <u>supra</u> Part III.C), the ALJ properly
23   discredited Plaintiff's claim regarding the alleged mental impairments, which was
24   based on her language deficits and limited education, as it conflicted with other
25   evidence in the record and the ALJ's observations of her abilities at the hearing.
26   Accordingly, there was no error in the ALJ's hypothetical questions to the VE,
27   which did not include a requirement for mental limitations. <u>Rollins v. Massanari</u>,
28   261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations

that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [plaintiff] had claimed, but had failed to prove.").

Finally, Plaintiff appears to also contend that there was error because the RFC fashioned by the ALJ was less restrictive than any hypothetical posed to the VE. (JS at 29.) In that regard, Plaintiff contends it was error for the ALJ to ask hypothetical questions of the VE about light and sedentary work, but not medium work. (Id.) However, Plaintiff does not cite any authority for this proposition, and, in any event, has not shown how she was harmed by the ALJ's questioning. By posing hypotheticals at the light and sedentary levels, the ALJ included limitations actually more restrictive than included in Plaintiff's RFC. Indeed, the VE testified that Plaintiff could perform her past relevant work as an Order Clerk, which is considered sedentary work, and, as mentioned, Plaintiff admitted she could do that work. (AR at 35, 71, 74.) As a result, the VE's resulting testimony was, in effect, less inclusive of jobs that Plaintiff is capable of performing. Thus, to the extent there was any error in the ALJ's hypotheticals, it was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination); Taylor v. Colvin, No. 6:12-CV-01017-BR, 2013 WL 3229978, at *7 (D. Or. June 24, 2013) (any error in ALJ's hypothetical to VE that included more restrictions than included in the RFC was harmless because VE's resultant testimony was, in effect, less inclusive of jobs that claimant was capable of performing); Looman v. Colvin, No. EDCV 13-193 JC, 2013 WL 4500465, at *4 (C.D. Cal. Aug. 30, 2013) (any error in relying on VE's testimony harmless because it was based on a hypothetical more restrictive than the RFC found by the ALJ).

Accordingly, the ALJ did not err in his questioning of the VE, or in relying on the VE's testimony.

**IV.**

11

1

**ORDER**

2      Based on the foregoing, IT THEREFORE IS ORDERED that judgment be

3  entered affirming the decision of the Commissioner of Social Security and

4  dismissing the action with prejudice.

5

6  Dated: September 30, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28